# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cr-00121 |
| ) | |
| SANDRA CALLOWAY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is Sandra Calloway's Motion for Compassionate Release (Doc. No. 46). Ms. Calloway is 47 years old, has served approximately 68 months of her 120 month sentence imposed for being a felon in possession of a firearm, and is currently detained at FCI Coleman Low. She moves for compassionate release because her high blood pressure and high cholesterol leave her unable to care for or protect herself from COVID-19 while in prison. (Doc. No. 46 at 8).

Ms. Calloway filed a compassionate release request with the Warden at Coleman Low on May 4, 2020. (Doc. No. 50-1). More than 30-days have passed since she made this request and the Court finds that she has satisfied the exhaustion requirement. See United States v. Alam, No. 20-1298, 2020 WL 2845694, at *2, *4 (June 2, 2020). Her Motion is properly before the Court.

The Court has authority to grant compassionate release when the defendant shows an extraordinary and compelling reason. 28 U.S.C. § 3582(c)(1)(A). A "serious" medical condition is an extraordinary reason when it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 Application Note 1(A)(ii). Ms. Calloway alternatively asserts that her risk for COVID-19 could qualify as extraordinary and compelling for "other reasons." (Doc.

No. 46 at 11–12). It is hotly debated whether a court, rather than the BOP, can determine what constitutes other reasons, see United States v. Rodriguez, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *4 (E.D. Pa. Apr. 1, 2020) (collecting cases), and it is not necessary for the Court to join that discussion today because Ms. Calloway's Motion fits neatly under the analysis for a substantial medical condition. See U.S.S.G. § 1B1.13 Application Note 1(A). Even if the Court did have the authority to assess "other reasons," the result would be the same.

As the Government notes, a medical condition that renders the defendant increasingly likely to suffer a serious and potentially fatal case of COVID-19, if contracted, may be one that is "serious" and "substantially diminishes the ability of the defendant to provide self-care" in prison. U.S.S.G. § 1B1.13 Application Note 1(A)(ii); (Doc. No. 50 at 13); see also United States v. Brooks, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *5 (C.D. Ill. May 15, 2020) (collecting cases that "[c]ourts around the country have granted compassionate release where the defendant suffers from a serious condition that increases the likelihood of severe consequences from COVID-19"). That would be an extraordinary and compelling reason under Application Note 1(A) and this inquiry is highly individualized, tailored to the circumstances of the defendant before the Court.

The CDC has recently updated its guidance regarding what medical conditions put an individual at increased risk of severe illness from COVID-19. High blood pressure is not a definitive risk factor but it "might" put individuals at an increased risk. *People of Any Age with Underlying Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (updated June 25, 2020). Other

current scientific research suggests that high blood pressure can substantially increase the likelihood of serious COVID-19 complications. Defendant cites research that

> patients with pre-existing damage to [blood] vessels, for example from diabetes and high blood pressure, face higher risk of serious [COVID-19] disease. Recent Centers for Disease Control and Prevention ("CDC") data on hospitalized patients in 14 U.S. states found that . . . fully half had pre-existing high blood pressure.

(Doc. No. 46 at 13 (citing Meredith Wadman, *How does coronavirus kill? Clinicians trace a ferocious rampage through the body, from brain to toes*, SCIENCE (April 17, 2020), https://www.sciencemag.org/news/2020/04/how-does-coronavirus-kill-clinicians-trace-ferocious-rampage-through-body-brain-toes)).

While high blood pressure is a comorbidity for COVID-19, Ms. Calloway does not allege that her condition is particularly severe or not controlled with medication. To the contrary, she is taking medicine and it appears to be controlling her condition; Ms. Calloway's cardiovascular functions were "[w]ithin normal limits" at a May 14, 2020 medical visit. (Doc. No. 51-1 at 1–3). Taking medicine to control high blood pressure may even diminish her risk as at least one source with the Mayo Clinic suggests that "people with untreated high blood pressure seem to be more at risk of complications from COVID-19 than those whose high blood pressure is managed with medication." Dr. William F. Marshall, III, *COVID-19 and high blood pressure: Am I at risk?*, MAYO CLINIC, (June 17, 2020), https://www.mayoclinic.org/diseases-conditions/coronavirus/expert-answers/coronavirus-high-blood-pressure/faq-20487663; see also Marlene Cimons, *High blood pressure drugs apparently don't add to COVID-19 danger as earlier feared*, WASH. POST (June 13, 2020), https://www.washingtonpost.com/health/high-blood-pressure-drugs-apparently-dont-add-to-covid-19-danger-as-earlier-feared/2020/06/12/22432df6-a9a9-11ea-94d2-d7bc43b26bf9_story.html ("Certain widely used medications that treat high blood pressure apparently don't add to the danger as earlier feared.").

3

Ms. Calloway's medical manifestation does not create a particular increased risk and she also is not at a particular risk of contracting COVID-19 at Coleman Low, as compared to other prisons. At Coleman Low, the Bureau of Prisons reports that of 45 inmates tested, 1 returned positive as of June 26, 2020. See *COVID-19 Inmate Test Information*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited June 26, 2020). The disease appears relatively well controlled at her facility. Realistically, close quarters inherent in a prison present certain difficulties implementing social distancing, but the mere presence of COVID-19 in society, or of positive cases "in a particular prison[,] cannot justify compassionate release—if it could, every inmate in that prison could obtain release." United States v. Brooks, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *5 (C.D. Ill. May 15, 2020) (internal quotations omitted).

On the totality of the circumstances Ms. Calloway has not shown that her specific risk from high blood pressure is so severe, that the particular risk of an outbreak at Coleman Low is so high, or that a combination of these two make her particularly vulnerable to poor COVID-19 outcomes should she contract COVID-19. She has presented no evidence that hyperlipidemia increases her risk of a serious COVID-19 case. Ms. Calloway does not have "extraordinary and compelling reason" for release and her Motion for Compassionate Release (Doc. No. 46) will be denied.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE